OPINION
Defendant-appellant, Stephen Mason, appeals a determination of the Clermont County Court of Common Pleas that he is a sexual predator. We affirm the trial court's decision.
Defendant was indicted on March 8, 2000 for sexual battery in violation of R.C. 2907.03(A)(5). The bill of particulars for the offense alleged that appellant inserted his finger into the vagina of his thirteen-year-old daughter. On May 16, 2000, appellant pled guilty to an amended charge of attempted sexual battery under R.C. 2923.02. The trial court held a sentencing and sexual predator hearing on November 6, 2000.[1] The trial court determined that appellant should be classified as a sexual predator and judgment was entered on November 13, 2000.
Appellant now appeals the trial court's determination that he is a sexual predator and raises the following single assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY CLASSIFYING APPELLANT AS A SEXUAL PREDATOR, PURSUANT TO R.C. 2950.09, WHEN THERE WAS NO CLEAR AND CONVINCING EVIDENCE TO ESTABLISH SUCH A CLASSIFICATION.
A sexual predator is statutorily defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). As stated above, appellant pled guilty to attempted sexual battery, which is a sexually-oriented offense. The issue for the trial court to determine was whether appellant was likely to commit another sexually-oriented offense in the future.
R.C. 2950.09(B)(2)(a) through (j) list the factors a trial court must consider in determining whether a person is a sexual predator. The statute does not require that each factor be met in order for the trial court to find that a defendant is a sexual predator. A trial court must find that a defendant is a sexual predator by clear and convincing evidence. R.C. 2950.09(B)(3). Clear and convincing evidence is evidence that "will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford
(1954), 161 Ohio St. 469, paragraph three of the syllabus.
When making a determination as to whether a defendant is a sexual predator, the trial court shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offenses or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2).
Appellant argues that the evidence does not support a finding that he is likely to re-offend. He argues that this offense is his only conviction for a sexually-oriented offense, that there is no evidence relating to the other statutory factors, and that the trial court should not have considered his problems with alcohol and convictions for other offenses.
In making its determination that appellant is a sexual predator, the trial court considered the disparity of appellant's age to that of his victim. The court found that appellant was thirty-nine years old at the time of the offense and that his victim was thirteen. The court also considered the fact that appellant was in a position of trust over the victim and the incestuous nature of the contact with his own daughter. The court noted that appellant had a prior voyeurism charge which was dismissed after counseling. The court considered appellant's substantial criminal history, his problems with alcohol and the fact that appellant had failed to respond to treatment for alcohol problems. The court also noted that appellant had failed to show remorse or to take responsibility for his actions.
We find that the trial court did not err in determining that appellant is a sexual predator based on the facts above. The trial court is not required to find that the evidence presented supports a majority of the factors listed in R.C. 2950.09(B)(2). State v. Holland (Sept. 10, 2001), Brown App. No. CA2000-11-031, unreported. The court may rely on one factor more than another depending on the circumstances of the case.Id. Although this is appellant's only conviction for a sexual offense, appellant's stepdaughter testified at the hearing that appellant had also touched her inappropriately and made sexual comments to her. A single conviction may support a finding that a defendant is a sexual predator in certain cases. See State v. Higgins (May 22, 2000), Clermont App. No. CA99-07-068, unreported; State v. Nichols (Apr. 6, 1998), Warren App. No. CA97-04-035, unreported. The court permissibly considered evidence related to the age of appellant and his victim. See R.C. 2950.09-(B)(2)(a) and (c). The trial court also considered the nature of the offense. See R.C. 2950.09(B)(2)(h). In considering appellant's criminal history, the court's consideration is not limited to sexual offenses. See R.C.2950.09(B)(2)(f). The court may also consider "[a]ny additional behavioral characteristics that contribute to the offender's conduct." R.C. 2950.09(B)(2)(j).
We find that there is clear and convincing evidence in the record to support the trial court's determination that appellant is a sexual predator. Appellant's assignment of error is overruled. Judgment affirmed.
WALSH and POWELL, JJ., concur.
[1] The trial court stated at the hearing that it was not considering portions of the presentence report, including the recommendation section and the victim impact statement. It appears that the reason for excluding this evidence was because these sections are not provided to defense counsel. Because this evidence was not considered by the trial court, we have not considered it on appeal. We note, however, that the Ohio Rules of Evidence do not strictly apply to sexual predator adjudication hearings. State v. Cook (1998), 83 Ohio St.3d 404, 425, and that a trial judge may use reliable hearsay such as a presentence investigation report when making a sexual predator determination. Id. The trial court may also rely upon victim impact statements. See id. at 424; State v. Southerland (Dec. 30, 1999), Butler App. No. CA99-01-013, unreported; State v. Parker (Nov. 19, 1999), Columbiana App. No. 98-CO-76, unreported.